IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALINDA S. SMIDGA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER, *doing business as* UPMC,<br><br>Defendant. | Case No. 2:22-cv-01231<br><br>Hon. Maureen P. Kelly<br><br>Electronically Filed |

**JOINT MOTION TO CONTINUE DEADLINES AND FOR SCHEDULING ORDER**

Defendant University of Pittsburgh Medical Center d/b/a UPMC ("UPMC") and Plaintiff Malinda S. Smidga ("Plaintiff") hereby jointly move for the entry of a scheduling order setting case deadlines that will allow the parties to brief UPMC's forthcoming motion to compel arbitration under Sections 3 and 4 of the Federal Arbitration Act ("FAA") as a threshold issue. In support of this motion, UPMC and Plaintiff state as follows:

1. Plaintiff filed her putative class action complaint in this action on August 25, 2022, alleging three counts against UPMC—breach of fiduciary duty (Count I), intrusion upon seclusion (Count II), and violation of Pennsylvania's Wiretap Act (Count V)—based on UPMC's alleged use of the Meta Pixel. *See* ECF No. 1. Plaintiff served UPMC with the complaint on August 31, 2022. *See* ECF No. 4. The complaint also alleged three additional counts against Defendant Meta Platforms, Inc. ("Meta").

2. Plaintiff and UPMC subsequently stipulated, pursuant to Local Civil Rule 7.E, without waiver of and preserving all other rights and defenses of the parties, that UPMC would have until October 21, 2022 to file an answer or otherwise respond to the complaint. *See* ECF

No. 7. Accordingly, UPMC's current deadline to respond to the complaint or file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is October 21, 2022. *See id.*

3. Plaintiff and Meta jointly moved to sever the claims against Meta from the claims against UPMC, and to transfer the claims against Meta to the Northern District of California. *See* ECF No. 21. The Court granted that motion on October 3, 2022, and claims against Meta have been transferred to the United States District Court for the Northern District of California. *See* ECF Nos. 22, 26.

4. On September 23, 2022, UPMC informed Plaintiff that it intends to move to compel arbitration on the remaining claims against UPMC. UPMC's arbitration motion will address the preliminary issue of the proper forum in which to adjudicate this dispute under Sections 3 and 4 of the FAA.

5. To avoid the expense of unnecessary or potentially duplicative proceedings, and so that the parties may have sufficient time to assess their respective positions in this case, UPMC and Plaintiff have agreed to a proposed briefing schedule for UPMC's arbitration motion to adjudicate that issue first, and to defer other deadlines until that motion has been addressed by the Court.

6. UPMC and Plaintiff therefore respectfully request that the Court enter a scheduling order that prioritizes arbitration briefing under the FAA as a threshold issue, and conserves party and judicial resources by extending all other case deadlines or arguments for these parties, including briefing of any alternative grounds for a dispositive or Rule 12 motion, if necessary, until after the Court has resolved UPMC's arbitration motion. *See, e.g., Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of

cases."); *Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577-78 (3d Cir. 2017) (holding motion to compel arbitration is a "gateway" issue that must be addressed before other merits or Rule 12(b)(6) issues).

  7.  Specifically, UPMC and Plaintiff propose the following schedule:

    a.  UPMC's motion to compel arbitration is due on or before October 31, 2022.  Any brief in support of UPMC's motion will be 25 pages or less.

    b.  Plaintiff may respond to UPMC's motion with an opposition brief (25 pages or less) or, alternatively, a request for discovery within 21 days after UPMC files its motion.  If Plaintiff intends to file a request for discovery, the parties will meet and confer in good faith regarding a proposed discovery and further briefing schedule, and the parties will report their respective positions to the Court.  Both parties reserve all rights with regard to any such discovery request.

    c.  If Plaintiff files an opposition to UPMC's motion, UPMC's reply will be due 14 days after Plaintiff files her opposition brief, and any reply brief will be 15 pages or less.

    d.  All other case deadlines for UPMC and Plaintiff, including for the joint initial status report and for any answer or other response to the complaint, including any further motion to dismiss arguments under Rule 12, are deferred pending the Court's final resolution of UPMC's motion to compel arbitration.

WHEREFORE, UPMC and Plaintiff respectfully request that the Court grant this motion and enter the above schedule for briefing on arbitration and other case deadlines.

Dated: October 10, 2022                    Respectfully submitted,


  /s/ *Rebekah B. Kcehowski*
Rebekah B. Kcehowski (Pa. 90219)
Anderson T. Bailey (Pa. 206485)

JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
rbkcehowski@jonesday.com
atbailey@jonesday.com

*Counsel for UPMC*


  /s/ *Gary F. Lynch*
Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
Patrick D. Donathen

LYNCH CARPENTER, LLP
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com
patrick@lcllp.com

*Counsel for Plaintiff*